*Harlan & Newman, for appellant.*

---

JAMES M. FOGLE'S EXRS. *v.* WILLIE P. FOGLE, ET AL.

Wills—Discretion of Executors.

A will gives executors a power, "All the bequests, devises, legacies, etc., are not to be paid until X X arrive at the respective ages of 30 years." Held, that the executors could not withhold all the payment, at their discretion, until the 30 year age had been reached by the devisees.

APPEAL FROM MARION CIRCUIT COURT.

OPINION OF THE COURT BY JUDGE PETERS:

This suit is brought to have the will of the late James M. Fogle construed, or rather to have the eighth clause thereof construed, as in the preceding clauses he directs to whom, and in what portions his estate shall pass.

In the eighth clause he says: "*All the* bequests, *devises* and legacies that are made in this will are *not* to be paid, or delivered to my four children, Willie P., Mattie B., Bettie P. and James L. Fogle (should the contingency happen by which he should get anything), before they each arrive at the respective ages of thirty years each. And the parts that go to Mattie B. and Bettie P. are to be owned and controlled by them each to their sole and separate use, without being under the control of any husband they, or either of them, may have. If James M. Fogle should receive any part of my estate, upon his death without child or children, the part so received is to go, and pass to his half brothers and sisters, or the survivor, or his or their children, the child, or children to receive the father or mother's part; in no event is his estate to go to his mother, or any of her kindred on her mother or father's side."

The devisees insist that the executors have the power, under the clause cited, to appropriate at least the income or annual profits on their respective portions to their support, and education, while the executors contend that they have no such power under the will, and can make no distribution or advancement to the devisees until, or as they attain the age of thirty years respectively. Neither the grammatical, nor literal construction of the clause under consideration sustains the position of the executors. They are not prohibited from paying over a part of the legacies—the language is that they shall not pay *all;* if the testator had said that his executors should not pay any part of their legacies to his children, until they arrived at the ages of 30 years respectively, the prohibition would have been complete, and the devisees might not have been able to enjoy their portions until they did arrive at the ages designated, but that is not the language. They are not restrained from paying a part before the period fixed. The restriction is that they are not to pay *all.* They certainly may pay a part and not transcend their power, even according the strictest construction of the

will. Nor. is there anything in the ninth clause of the will in conflict with this interpretation.

Wherefore the judgment is *affirmed.*